O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| GLEN W. ROBISON, | Case No. EDCV 09-1059-VAP (MLG) |
| Petitioner, | MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |
| v. | |
| M.S. EVANS, Warden, | |
| Respondent. | |

**I.   Factual and Procedural Background**

Petitioner is a state prisoner currently incarcerated at the Old Folsom Prison in Folsom, California.  He filed this petition for writ of habeas corpus on June 4, 2009. Because this is Petitioner's fourth petition challenging the identical underlying state court conviction, this petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

The petition challenges a May 1998 judgment from the San Bernardino County Superior Court in which Petitioner was sentenced to a term of 28 years to life following conviction of  petty theft with a

prior, with a "Three Strikes" enhancement. Cal. Penal Code §§ 666, 667(a)-(i).

On February 22, 2001, Petitioner filed a petition for writ of habeas corpus in this court challenging the judgment of conviction. *Robison v. Roe*, Case No. EDCV 01-0208-VAP (Mc). On January 9, 2002 this court entered an order and judgment dismissing the petition with prejudice as untimely filed. The United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability on May 22, 2003. *Robison v. Roe,* Case No. 02-56598

The docket from the 2001 case reflects that Petitioner continued in his attempts to have his petition addressed on the merits. In December 2004, he filed a motion for relief from judgment, which was denied on January 4, 2005. A motion for reconsideration was denied on April 11, 2005. The Ninth Circuit denied a request for a certificate of appealability from these motion denials on August 17, 2005. (Case No. 05-55811).

On June 12, 2006, Petitioner filed a second petition for writ of habeas corpus, challenging the same 1998 conviction. *Robison v. Kramer*, Case No. EDCV 06-597-VAP (MLG). On July 16, 2008, this Court dismissed the petition without prejudice because it was a successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). Petitioner filed a motion to vacate that judgment, which was denied on July 17, 2006. This Court denied a request for certificate of appealability on November 7, 2006, and the United States Court of Appeals for the Ninth Circuit did likewise on March 17, 2007. *Robison v. Kramer*, Case No. 06-56592.

On July 9, 2008, Petitioner filed a third petition for writ of habeas corpus in this Court, challenging the same 1998 conviction. *Robison v. Kramer*, Case No. EDCV 08-907-VAP (MLG). On June 20, 2006,

this Court dismissed the petition without prejudice because it was a successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). No further action was taken in this case.

Petitioner again returned to the state courts and filed a series of petitions for writ of habeas corpus. All of those petitions were denied.

This petition followed. In this petition, Robison again challenges the state court judgment entered in May 1998, this time alleging that the plea agreement which gave rise to the judgment was breached, and that the sentence imposed was illegal. For the reasons set forth below, the petition is ordered dismissed without prejudice to Petitioner's right to apply to the Ninth Circuit Court of Appeals for leave to file a successive petition.

**II. Discussion.**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, *before the respondent files an answer,* "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that this Court lacks jurisdiction to review this petition without authorization from the court of appeals. Accordingly, summary dismissal of this petition is warranted.

//

This petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a *second and/or successive* petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart,* 549 U.S. 147, 153 (2007). This Court must dismiss any second or successive petition unless the court of appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton,* 549 U.S. at 157.

A claim in a second or successive habeas petition which was not previously presented may be considered if the petitioner shows that the factual predicate for the claim could not have been discovered previously through the exercise of reasonable diligence. 28 U.S.C. § 2244(b)(2)(B)(i). However, a petitioner is still required to seek authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D.Cal. 2003) ("[T]o the extent that petitioner would like to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.") This is so even if the dismissal

of the earlier petition was based upon the failure to comply with the one-year statute of limitations. *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir.2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); Reyes, 276 F.Supp.2d at 1029 (same).

This petition was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of this petition, this Court lacks jurisdiction to consider the merits. *See Burton,* 549 U.S. at 157; *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly, dismissal of the petition without prejudice is required.

**III. Order.**

In accordance with the foregoing, IT IS HEREBY ORDERED that the petition is DISMISSED without prejudice to petitioner's applying to the United States Court of Appeals for the Ninth Circuit for leave to file a second or successive petition.

Dated: June 14, 2009

_____
Virginia A. Phillips
United States District Judge

Presented by:

_____
Marc L. Goldman
United States Magistrate Judge